DELILAH JOPLIN v. JACOB W. FLEMING.

1. The right of homestead does not attach until the land is paid for.
2. In a conditional exchange of property, if the contract is not executed in a reasonable time, the party not in default may rescind and recover back the property so contracted to be exchanged.

APPEAL from Marion. Tried below before the Hon. J. D. McAdoo.

This suit was brought on fifteenth of September, 1870, by J. W. Fleming, to recover of the appellant a tract of land of fifty-two acres in Marion county.

In December, 1862, the appellee entered into a contract with Annie E. Smedley, wife of John C. Smedley, for an

exchange of lands ; the appellee agreeing to convey the land sued for, for a tract of sixty-one acres then occupied and owned by John C. Smedley as a homestead. Smedley was absent from the State at the time of the contract. The papers exchanged between the parties were title bonds, and the sale of the land conditional.

The two tracts of land were the homesteads of the two parties respectively.

On the delivery of the title bonds the parties exchanged possession of the land. In 1865 Annie E. Smedley made a sale of the tract of fifty-two acres to one M. W. Joplin and placed him in possession; and about December of that year, Joplin, who was the husband of the appellant, being just divorced from his wife, made a transfer to her and placed her in possession.

Shortly after the sale by Mrs. Smedley to Joplin, John C. Smedley, the husband, returned to Texas.

In 1868 Smedley and wife left Texas, and some time in 1869, while in Kentucky, Smedley died. In 1868 the tract of sixty-one acres was sold under execution, by virtue of a judgment in favor of J. M. Frith, against John C. and Ellen Smedley, at which sale Amanda Frith became the purchaser, and in November, 1868, entered upon the land, evicting the appellee, and continues to hold possession.

At the May Term, 1872, Margaret F. Fleming, wife of appellee, joined her husband as plaintiff, claiming the fifty-two acre tract as a homestead. Appellee and his family removed from Marion county, in 1863, to San Antonio, and returned in 1865, finding M. W. Joplin in possession.

When John C. Smedley returned after the war closed, appellee was willing to comply with his contract, but Smedley refused.

On the trial the court instructed the jury that "the

legal title to the land in controversy remained in Fleming; and if the contract of Mrs. Smedley was not complied with in a reasonable time after the return of John C. Smedley to the State, and no offer was made to complete the title according to Mrs. Smedley's contract, and that Mrs. Smedley with her husband abandoned the country without making such deed, as was contracted to be made, and has since died, and that the land has been sold to pay the debts of Smedley and wife, then Fleming had the right to treat the contract as a nullity, and reclaim the land so contracted by him to be conveyed."

The jury found for the plaintiff, and defendant appealed.

No brief for appellant has been furnished the Reporters.

*Mason & Campbell,* for appellee.

OGDEN, P. J.—We have been unable to discover any such defects in the petition in this case as would render it obnoxious under a general demurrer. It clearly sets up a conditional exchange of two tracts of land, namely, the homestead of the plaintiff for that of John C. Smedley and wife, and most emphatically and specifically charges a total failure in the performance of the conditions on the part of Smedley and wife, and a knowledge on the part of defendant who was in possession of the land exchanged by plaintiff to the wife of Smedley. He claimed that by reason of such failure he was no longer bound by his agreement to exchange; and prays an order of the court restoring to him the possession of his homestead.

We think the petition sets forth a good and sufficient cause of action, with sufficient particularity and certainty to entitle the party to his action. Nor do we think the petition of Mrs. Fleming to intervene, for the purpose of protecting her homestead rights, demurrable, as she

clearly sets up the fact that the land in controversy was her homestead, and that she had never parted with her homestead rights in the same, under the forms prescribed by law; that she had never acquired any other homestead; and she asks the interposition of the court in her behalf.    We are clearly of the opinion that she had a right to be heard, and, if her allegations proved to be true, a right to a judgment of the court in accordance with her prayer.

The exceptions taken to the ruling of the court in rejecting evidence are not well taken, for the reason that if the rejected testimony had been admitted by the court to go to the jury, it would have been wholly immaterial to the issues presented.    At the time of the sale by Mrs. Smedley to Joplin, he knew she had no title; for there was none upon record, and he asked and received only a bond for title when she could make one; besides, he required personal security for the re-payment of the purchase money, in case she failed to make a title.    With these facts before the court, he was estopped from claiming to be an innocent purchaser; and his testimony to that effect could only tend to confuse the jury, when it could in no way change the law of the case.    Nor was the testimony in regard to what John C. Smedley might have said, after his return from the war, in 1865, at all material.    It was not claimed that he had ever executed a title to Fleming, nor offered to execute one, in compliance with the agreement of his wife; on the contrary, it was positively proven that he had failed and refused to execute a deed during his life, and that his death made the execution of a deed impossible.    It was, therefore, wholly immaterial what he may have said in 1865; and it was not error in the court in ruling out such testimony from the jury.

The charge of the court clearly sets forth the law of the

case, and all the law which was necessary in order to a proper determination of the rights of the parties.

The verdict of the jury was in strict conformity with the law as given, and the facts proven on the trial; and therefore the court did not err in overruling the motion for a new trial, and the judgment is affirmed.

AFFIRMED.